# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DOROTHY J. WADE,

    Plaintiff,

-vs-                                                  Civ. No. 98-1469 LH/LFG

THE UNITED STATES OF AMERICA and the
INTERNAL REVENUE SERVICE,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion for Default Judgment (Docket No. 2), filed January 8, 1999. The Court, having considered the Motion, the memoranda of the parties, the record, and the applicable law, and otherwise being fully advised, finds that the Motion for Default Judgment is not well taken and will be **denied**.

Plaintiff brings suit seeking, *inter alia*, to quash summonses served by the Internal Revenue Service on Western Bank of Artesia and First National Bank of Artesia. She moves for default judgment on the grounds that Defendants failed to answer her Complaint within the time allowed under Rules 12 and 7(b)(1) of the Federal Rules of Civil Procedure Rule. Plaintiff's *pro se* pleadings must be liberally interpreted, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), but the Court should not "assume the role of advocate," *Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992)(citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

Federal Rule of Civil Procedure 7(b)(1), which addresses the form of motions and other

papers, provides no basis for Plaintiff's Motion.  Rule 12, however, does address this issue:

> The United States or an officer or agency thereof shall serve an answer to the complaint *within 60 days after the service upon the United States attorney of the pleading in which the claim is asserted.*

Fed. R. Civ. P. 12(a)(3)(emphasis added).  Rule 12 further provides that defenses asserted under subsections (b)(1)-(6) may be brought in the responsive pleading to a complaint or may be made by motion, before pleading.  *Id.* 12(b).  Filing such a motion extends the time in which defendants must answer a complaint: "if the court denies the motion or postpones its disposition until the trial on the merits, the responsive pleading shall be served within 10 days after notice of the court's action."  *Id.* 12(a)(4).

Plaintiff filed her Complaint on November 30, 1998.  Thus, the Defendants had, at a minimum, until January 29, 1999, in which to respond.  Defendants filed their Motion to Dismiss or in the Alternative for Summary Judgment on January 29, 1999.  In that Motion they seek dismissal of Plaintiff's Complaint on grounds of lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1). The Defendants timely filed their Motion to Dismiss or in the Alternative for Summary Judgment.  Therefore, Plaintiff's Motion must be denied.

**IT IS HEREBY ORDERED** that the Defendant's Motion for Default Judgment (Docket No.2), filed January 8, 1999, is **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**