# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DOROTHY J. WADE,

    Plaintiff,

-vs-                                                                                                             Civ. No. 98-1469LH/LFG

THE UNITED STATES OF AMERICA and the
INTERNAL REVENUE SERVICE,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss or in the Alternative, for Summary Judgment (Docket No. 3), filed January 29, 1999, and Plaintiff's Motion for Summary Judgment Pursuant to Rule 56(a) (Docket No. 20), filed May 3, 1999. The Court, having considered the Motions, the memoranda of the parties, the record, and the applicable law, and otherwise being fully advised, finds that the Defendants' Motion is well taken and will be **granted** and Plaintiff's Motion is not well taken and will be **denied**.

Plaintiff, *pro se*, brings suit seeking to quash two summonses served by the Internal Revenue Service on Western Bank of Artesia and First National Bank of Artesia. Plaintiff's pleadings must be liberally interpreted, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), but the Court should not "assume the role of advocate," *Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992)(citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

In her Complaint, which she denominates "Civil Action," Plaintiff asserts that the Internal

Revenue Service (IRS) and Revenue Agent William H. Hudson cannot audit her bank records because

> she is a natural born free sovereign of the republic of New Mexico, by birth, and an inhabitant of New Mexico republic (or commonwealth) of the United States of America[;] . . . she does not reside in, or claim to have citizenship in, the United States or a possession of the united [sic] States as defined in the Internal Revenue Code sections 3121(E)(1), [sic] and (2), 3306 (J)(1), (2) and (3) and 7701(A)(10) among others; . . . she does not reside or work in the U.S.enclave [sic] within any 50 states of the union[;] . . . she is not an employee or employer encompassed within the Internal Revenue Code Sections 3401(c), [sic] and 3401(d), or 3121(h)(1)(2)(3)(4) [sic] and (5)[; and] . . . in January of 1994, [she] filed a notice of Revocation and nullification with the Internal Revenue Service, . . . [which] stated as followed [sic]: Please take notice that I Dorothy J. Wade, because of duress, misrepresentation, misinformation, deception and fraud were involved [sic], hereby revoke and nullify her [sic] U.S. individual income tax returns, forms 1040 and attachments, which she filed under her Identification number . . . with the Internal Revenue Service for the years of 1969 through 1993.

(Complaint at 2-3.) The "Notice of Revocation and Nullification" paperwork is attached to the Complaint. (*See id.* Exs. A-1 to -6, -11.) Plaintiff also contends that summonses are "nothing more then [sic] attempt[s] to harass and embarrass her in the public eye's [sic] of her home town for self-gain." (*Id.* at 3.) She further states that because she "received a letter from [an IRS Problem Resolution Officer], stating that she didn't have to file income taxes[,] . . . to allow the Defendant(s) . . . to audit her Bank records after having an agreement with her on these matters, would be an absolute violation of her constitutional right to equal protection under the 14th, [sic] amendment of the United States constitution." (*Id.*; *see id.* Ex. A-12.) As relief, Plaintiff requests that the Court issue a restraining order directing the banks to not release her records to Defendants and an order quashing both summonses. (*Id.* at 4.)

Defendants move to dismiss or, alternatively, for summary judgment on grounds that the Court lacks subject matter jurisdiction over this matter and that Plaintiff fails to state a claim upon

2

which relief may be granted. In her Motion for Summary Judgment, Plaintiff states that "Title 26 USC § 7602 is only for subtitle (E), unless someone within the Internal Revenue Service has completed an IRS form 5546 to indicate that the Plaintiff Wade is involved in A.T.F." (Pl's. Mot. Summ. J. at 1.) By "A.T.F.," Plaintiff apparently refers to the Bureau of Alcohol, Tobacco and Firearms.

Addressing Plaintiff's Motion, the Court finds that not only has she failed to follow the Local Civil Rules by setting out "a concise statement of the material facts" as to which she contends no genuine issue exits, D.N.M.LR-Civ 56(b), but the grounds on which she relies are not relevant to the summonses at issue. The subject summonses were issued pursuant to the special procedures for third-party summonses found in 26 U.S.C. § 7609, not § 7602. Furthermore, "Subtitle (E)," to which Plaintiff cites, apparently must reference that portion of the Internal Revenue Code titled "Alcohol, Tobacco, and Certain Other Excise Taxes," *see* 26 U.S.C. §§ 5101, *et seq.*, which is not at issue in this case. Thus, Plaintiff's Motion must be denied.

Defendants first move for dismissal on grounds that because Plaintiff failed to meet fully the special procedures required for third-party summonses, *see* 26 U.S.C. § 7609, the Court lacks subject matter jurisdiction over this case. Section 7609 grants to any person entitled to notice of a summons, such as Plaintiff, the statutory right to begin a proceeding to quash the summons. 26 U.S.C. § 7609(b)(2)(A). It further provides in part:

> **Requirement of notice to person summoned and to Secretary.**---If any person begins a proceeding under subparagraph (A) with respect to any summons, not later than the close of the 20-day period referred to in subparagraph (A) *such person shall mail by registered or certified mail a copy of the petition to the person summoned* and to such office as the Secretary may direct in the notice referred to in subsection (a)(1).

26 U.S.C. § 7609(b)(2)(B) (emphasis added). The banks upon which the IRS served the summonses in this matter are third-party record keepers, 26 U.S.C. § 7603(b)(2)(A), and must be noticed by Plaintiff of the proceeding she has initiated in this Court. Plaintiff was explicitly informed of this requirement in an insert included by the IRS with its notice to her of its service of the third-party summonses. (Compl. Ex. A-7, "General Directions" at ¶ 4.)

Plaintiff has not alleged in any pleading that she mailed a copy of her petition to the banks within the statutory time period, or ever. Neither has she provided any evidence to the Court from which it could infer such notice to the banks. Failure to strictly comply with the statutory requirements of § 7609(b)(2)(B) by properly serving a third party within the 20-day time period is a jurisdictional bar to suit requiring dismissal of the action. *See Strong v. United States*, ___ F. Supp. 2d ___, 1999 WL 543737 at * 7 (N.D. Cal. June 22, 1999); *see also, e.g., Fogelson v. United States*, 579 F. Supp. 573, 574 (D. Kan. 1983)(complaint dismissed for lack of jurisdiction when plaintiff contacted third-Party record keepers only by telephone to notify of action to quash summonses); *Yocum v. United States*, 586 F. Supp. 317 (N.D. Ind. 1984)(petition dismissed when petitioners sent letter by regular mail to only one of two summoned banks and did not include petition); *McTaggart v. United States*, 570 F. Supp. 547, 551 (E.D. Mich. 1983).

Even if this Court did have jurisdiction over this proceeding to quash the summonses, however, Defendants would be entitled to summary judgment. To obtain enforcement of the summonses, the government must make a *prima facie* showing:

> [1.] that the investigation will be conducted pursuant to a legitimate purpose, [2.] that the inquiry may be relevant to the purpose, [3.] that the information sought is not already within the Commissioner's possession, and [4.] that the administrative steps require by the Code have been followed---in particular, that the Secretary or his delegate, after investigation, has determined the further examination to be necessary

and has notified the taxpayer in writing to that effect.

*United States v. Powell*, 379 U.S. 48, 57-58 (1964). This burden is "slight . . . [and] 'is generally made by affidavit of the agent who issued the summons and who is seeking enforcement.'" *United States v. Balanced Fin. Management, Inc.*, 769 F.2d 1440, 1443 (10th Cir. 1985)(quoting *United States v. Garden State Nat'l Bank*, 607 F.2d 61, 68 (3d Cir. 1979)). If the government meets this standard, the burden then shifts to the taxpayer to "establish any defenses or . . . prove that enforcement would constitute an abuse of the court's process," *id.* at 1444 (internal quotation marks omitted)(ellipses in original)(quoting *United States v. Kis*, 658 F.2d 526, 538-39 (7th Cir. 1981)), or to show that "in issuing the summons the IRS lacks 'institutional good faith,'" *Anaya v. United States*, 815 F.2d 1373, 1377 (10th Cir. 1987). This is a heavy burden and Plaintiff must "'factually oppose the Government's allegations by affidavit. Legal conclusions or mere memoranda of law will not suffice.'" *Balanced Fin. Management*, 769 F.2d at 1444 (quoting *Garden State Nat'l Bank*, 607 F.2d at 71).

Defendants adequately make their *prima facie* showing through the declaration of Revenue Agent Hudson. (*See* Mem. Supp. Mot. Dismiss Ex. A.) Plaintiff, however, fails entirely to meet her burden. Rather, she complains that the IRS has failed to designate any statute or regulation which she has violated, and she objects both to having to pay any tax first and then sue for a refund and to the government's position that she has a tax liability or is a person required to file a federal tax form. She then discusses why the IRS has no jurisdiction over her, her money, or her property: "Plaintiff claims that neither herself, nor her property, are within the territorial limits over which the Defendants jurisdiction or sovereignty extends[; and s]he was not born in a **territory** over which the United States is sovereign, and is not a citizen **subject to its jurisdiction**." (Pl's. Mem. Supp. Opp'n Defs'.

5

Mot. Dismiss at 4-5.) She further asserts that she "can sue under the common laws for any voilations [sic] of her Constitutional Rights," and that she "has a remedy under the **UCC**." (*Id.* at 6.) Plaintiff also requests a hearing on her Section 1983 claims of deprivation of equal protection, invasion of privacy, and violation of the fourteenth, fifth, and eighth amendments.

No hearing is required on Plaintiff's action to quash the summonses. *See Balanced Fin. Management*, 769 F.2d at 1444 ("'[I]f at this stage the taxpayer cannot refute the government's *prima facie Powell* showing or cannot factually support a proper affirmative defense, the district court should dispose of the proceeding on the papers before it and without an evidentiary hearing.'" (alterations in original)(quoting *Garden State Nat'l Bank*, 607 F.2d at 71)). Not only are Plaintiff's arguments and claims mere conclusory allegations, completely unsupported factually, but they also are frivolous---similar contentions consistently have been rejected by the courts. *See, e.g., Stites v. IRS*, 793 F.2d 618 (5th Cir. 1986)(affirming Rule 11 sanctions against taxpayers who moved to quash summonses to banks, arguing that IRS had no authority to serve summonses because plaintiffs not yet shown to be liable for income taxes for years involved and that summons violated fourth amendment and fifth amendment privilege against self incrimination); *Anders v. Commissioner*, 1999 WL 682050 (T.C. Sept. 2, 1999)(imposing maximum statutory sanction of $25,000 under 26 U.S.C. § 6673(a)(1) against petitioner for maintaining proceeding primarily for purposes of delay and for taking frivolous position, citing 17 Tax Court cases supporting conclusion that tax protestor arguments such as claiming status as nonresident alien to avoid federal income tax are "based on stale and meritless contentions, . . . manifestly frivolous and groundless[,] . . . hackneyed[, and] . . . universally rejected by . . . courts"). The Defendants unquestionably are entitled to summary judgment as to Plaintiff's petition to quash the summonses.

Additionally, the Court will grant Defendants' Motion as to any separate and distinct constitutional violations Plaintiff may assert. The matter before the Court clearly relates only to the summonses to which Plaintiff objects. Plaintiff has in no way shown how service of the summons on the banks and the banks' eventual compliance therewith, can in any way be construed as a violation of her constitutional or statutory rights, the common law, or the Uniform Commercial Code. Furthermore, an action pursuant to 42 U.S.C. § 1983 is appropriately brought against a state actor acting under color of state law, not against an employee of the federal government acting under federal law.

**IT IS HEREBY ORDERED** that the Defendants' Motion to Dismiss or in the Alternative, for Summary Judgment (Docket No. 3), filed January 29, 1999, is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment Pursuant to Rule 56(a) (Docket No. 20), filed May 3, 1999, is **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**